335 So.2d 789 (1976)
Dick THOMAS et al.
v.
APPALACHIAN INSURANCE COMPANY.
No. 10817.
Court of Appeal of Louisiana, First Circuit.
June 30, 1976.
*790 John Dale Powers and Chas. S. McCowan, Jr., Baton Rouge, for appellant.
Howard P. Elliott, Jr., Baton Rouge, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
On May 15, 1975, Chester L. Parson filed suit in United States District Court, Western District of Louisiana, Shreveport Division, against Dick Thomas (Thomas), a Louisiana state trooper, alleging that on April 26, 1974, Thomas "knowingly, intentionally, and maliciously" used unnecessary and unreasonable force in unlawfully arresting plaintiff for driving while intoxicated and driving with a suspended license, thereby causing severe injury to his left shoulder. Plaintiff prayed for $150,000 in punitive damages, $3,464 for past medical expenses and $10,000 for future medical expenses.
Appalachian Insurance Company, the general liability insurer for the State Police, filed an answer for Thomas denying any wrongdoing on his part and setting up numerous exceptions and defenses. Appalachian, however, subsequently took the position that it owed no duty to defend Thomas because plaintiff's medical expenses would be taken care of by the Federal Government, as plaintiff is a disabled veteran of the armed forces; that the only damages left would be punitive damages which are excluded by the language of the subject policy; and, that in any event, intentional acts are excluded by the language of the subject policy.
Trooper Thomas and his employer, the State of Louisiana, through the Department *791 of Public Safety, Division of State Police (State), filed the instant suit in state district court seeking a declaratory judgment determinative of Appalachian's obligation to defend the federal court action. Plaintiffs have timely appealed dismissal of their suit.
However, we dismiss Thomas's appeal since no bond for his appeal was ever filed. La.R.S. 13:4581, allowing appeal by state agencies, without bond does not include him within its terms, nor do we know of any other legislation permitting his appeal without bond.
The issues presented by this appeal are:
1. Does the subject policy afford coverage for the alleged actions of Thomas?
2. What is the effect of plaintiff's petition seeking only punitive damages?
3. What is the effect of plaintiff's medical expenses being paid by the Federal Government?

ISSUE NUMBER ONE
The policy obligates Appalachian under Coverage A and B to "pay on behalf of insured all sums which the insured shall become legally obligated to pay as damages because of . . . bodily injury . . . caused by an occurrence and arising out of. . . operations in performance of official duties." "Occurrence" as used in Coverages A and B is defined as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Emphasis supplied)
The trial judge in written reasons stated that since "the allegations of plaintiff's petition are that the acts, conduct and behavior of the defendant was performed knowingly, intentionally and maliciously," they could not constitute "an occurrence within the definition . . . in the policy and thus, there is no coverage."
We disagree. The exclusion as to "bodily injury or property damage neither expected nor intended from the standpoint of the insured" applied only to Coverage A and B of the policy. Coverage C, not mentioned by the trial court in its written reasons, provides that "Subject to the terms, conditions and limitations hereinafter mentioned, [Appalachian agrees] to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of claims for false arrest, assault and battery ... or other claims growing out of the performance of the duties of law enforcement officers or their employees, during the currency (sic) period of this policy." Clearly, plaintiff's claim is one "growing out of the performance of the duties of [a] law enforcement" officer. In brief defendant adduces the argument that the Federal Court suit is a civil rights action, not a claim for false arrest or assault and battery and therefore does not come within Coverage C. We need not make this fine distinction since the claimed offense clearly comes within the phrase "other claims growing out of the performance of the duties of law enforcement officers." Therefore, the subject policy affords coverage of the claim asserted by plaintiff[1] and accordingly, Appalachian owes a duty to defend Thomas.

ISSUE NUMBER TWO
Appalachian, however, contends that because plaintiff prays for only punitive damages, and the policy excludes coverage as to such damages, it has no duty to defend its insured since it would not be liable for any damages.
We cannot accept Appalachian's contentions. Admittedly, plaintiff's petition only prays for punitive damages and, generally *792 an insurer's duty to defend suits brought against its insured is determined by the allegations of plaintiff's petition. Clemmons v. Zurich General Accident & Liability Insurance Company, 230 So.2d 887 (La.App. 1st Cir. 1969). However, an insurer must defend its insured unless plaintiff's petition unambiguously excludes coverage. Clemmons, supra; Benoit v. Fuselier, 195 So.2d 679 (La.App. 3rd Cir. 1967).
We cannot say that plaintiff's petition unambiguously excludes coverage for damages allegedly caused plaintiff. The petition alleges a claim within the scope of the Civil Rights Act, Title 42 of the United States Code, Section 1983. Although plaintiff prayed for punitive damages only, the federal district court is not restricted to such an award. The plaintiff may be granted any relief the court believes he is entitled to, even if he has not demanded such relief in his pleading. Federal Rule of Civil Procedure 54(c); Hawkins v. Frick-Reid Supply Corporation, 154 F.2d 88 (5th Cir. Court of Appeal 1946); Smoot v. State Farm Mutual Automobile Insurance Company, 299 F.2d 525 (5th Cir. Court of Appeal 1962). Plaintiff's petition contains allegations, which if proven, would amply support the federal courts granting of compensatory damages.
An insurer should not be allowed to escape its responsibility to defend on a mere technicality based on the type of relief prayed for by a plaintiff, where the insured can be held liable for other damages under the petition. Furthermore, the obligation of the insurer to defend is broader than its liability for damage claims.[2] See Oceanonics, Inc. v. Petroleum Distributing Company, 280 So.2d 874 (La.App. 3rd Cir. 1973), affirmed, La., 292 So.2d 190 (1974); Employers Commercial Union Ins. Co. v. Bertrand, 306 So.2d 426 (La.App. 3rd Cir. 1975).
Appalachian contends that United States v. Pelzer Realty Company, Inc., D.C., 377 F.Supp. 121 (1974) disallows compensatory damages where they have not been pleaded in a civil rights action. We have carefully considered this case and conclude that it does not support the proposition contended by Appalachian. After remand from the Court of Appeal, and after trial of the claim had already been concluded in the district court, pursuant to the remand, the United States for the first time raised the issue of damages. The district court did not deny damages because there was no prayer for damages, as Appalachian contends; instead, they were denied because no proof of damages was offered in the trial.[3]
There is another and deeper-lying reason why Appalachian has a duty to defend. As expressed in Pelzer Realty Company, supra: "While allegations of damages *793 do not constitute the cause of action, they are essential in a bill of complaint." In the federal suit, plaintiff has stated a cause of action that comes within the terms of the coverage afforded, especially the obligation to defend. The exclusion of punitive damage in the obligation to pay the damages awarded will be pertinent if that eventuality occurs.

ISSUE NUMBER THREE
Because we find an obligation to defend on other grounds, we find it unnecessary to discuss the effect of plaintiff's medical expenses being paid by the Federal Government.
Accordingly, for the above and foregoing reasons, the judgment of the court below is hereby reversed; and judgment is hereby granted in favor of plaintiff-appellant, the State of Louisiana through the Department of Public Safety, Division of State Police, declaring and recognizing Appalachian Insurance Company's duty to defend Thomas in suit number 750413 filed in the United States District Court, Western District of Louisiana, Shreveport Division. Defendant-appellee is to pay all costs of these proceedings.
REVERSED AND RENDERED.
NOTES
[1] Because we find coverage under Coverage C, we do not have to decide whether or not the exclusion against "bodily injury or property damage neither expected nor intended from the standpoint of the insured" excludes coverage and necessity to defend when plaintiff's petition alleges an intentional injury and when the insuror aids the insured in filing an answer denying the allegations of plaintiff's petition.
[2] The instant policy contains the following provision:

"Supplementary PaymentsApplicable to Coverage C"
"The Company also agrees to pay for the amount of any `costs' (which expression shall mean all investigations, adjustments and legal expenses) incurred in the investigation, adjustment and defense of any claims, suits or proceedings which may be brought against the Insured within the coverage of this policy even if such claims, suits, or proceedings are groundless, false or fraudulent."
[3] The court stated at pages 123, 124:

"To allow litigation of the damage issue after the trial offends the Defendants' Seventh Amendment rights to a jury trial. Curtis v. Loether, supra. [415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260]
"Independent of the right to a jury trial, other considerations bar the granting of damages at this stage of this proceeding. Rule 54(c) of the Federal Rules of Civil Procedure has been consistently construed to allow a judgment granting relief inconsistent with the pleadings if the party "is entitled" thereto. While this rule has been generally utilized by the courts and implicitly approved, Publishers' Association of New York City v. New York, etc., Printing, etc., Union (D.C.), 246 F.Supp. 293; Rank v. Krug (D.C.Cal.1950), 90 F.Supp. 773; Kahan v. Rosenstiel (3 Cir. 1970), 424 F.2d 161, cert. den., 398 U.S. 950, 90 S.Ct. 1870, 26 L.Ed.2d 290, on remand (D.C.), 315 F.Supp. 1391, the constitutionality thereof under the Due Process Clause would be questionable, in the mind of this Court, if it were construed to allow a plaintiff to surprise a defendant and obtain relief under a claim the defendant had not been called upon to defend."