## BRADLEY VENTURES, INC., d/b/a AQ Chicken; Cypress Insurance Co. *v.* FARM BUREAU MUTUAL INSURANCE CO. of ARKANSAS

06-1494                                               264 S.W.3d 485

Supreme Court of Arkansas
Opinion delivered October 4, 2007

230

*The Trammell Law Firm, Trammell Rogers, PLC*, by: *Gill A. Rogers*, for appellant Cypress Insurance Co.

*Taylor Law Firm*, by: *Timothy J. Myers*, for appellant Bradley Ventures, Inc., d/b/a AQ Chicken.

*Laser Law Firm*, by: *Andy L. Turner* and *Steven B. Duke*, for appellee.

PAUL E. DANIELSON, Justice. Appellants Bradley Ventures, Inc., d/b/a AQ Chicken, and Cypress Insurance Company appeal from the circuit court's order granting summary judgment in favor of Farm Bureau Mutual Insurance Company. Appellants argue that the circuit court erred in granting summary judgment because a genuine issue of material fact still remained as to whether or not a fire at the AQ Chicken restaurant was a result of intentional actions or activities involving an illegal purpose, either of which would have excused Farm Bureau from providing insurance coverage. Bradley Ventures and Cypress also assert that, while Farm Bureau insisted it had no duty to defend its insured, the Trybulecs, the insurance company was not excused from its duty to defend simply because the complaint contained pleadings for punitive damages. We reverse and remand the circuit court's order.

The record in this case reveals that on July 19, 2004, the AQ Chicken restaurant in Bentonville, Arkansas, was destroyed by a fire that resulted in property damage, loss of income, and other consequential damages for Bradley Ventures. In connection with this incident, Joseph James Trybulec, Jr., was charged in Benton County with arson. The Benton County prosecutor negotiated a

plea agreement with Trybulec and, on July 22, 2004, in exchange for a reduction from the charge of arson, a Class Y felony, Trybulec pled guilty to the charge of reckless burning, a Class D felony. The circuit court noted the plea agreement and entered an order of probation for Trybulec on July 8, 2005.

At the time of the fire, Trybulec lived with his parents, Joseph James Trybulec, Sr., and Mary Beth Trybulec. The Trybulecs held a homeowners' insurance policy with Farm Bureau which carried a $100,000 personal liability limit; however, the policy excluded personal liability coverage when bodily injury or property damage was caused by intentional acts or claims arising from activities involving an illegal purpose. The policy specifically stated:

> Under Personal Liability Coverage and Medical Payments to Others Coverage, we do not cover:
>
> (5) bodily injury or property damage caused by intentional acts or at the direction of you or any covered person. The expected or unexpected results of these acts are not covered.
>
> . . . .
>
> (17) claims which arise from activities involving an illegal purpose.

On July 18, 2005, Bradley Ventures filed a complaint for damages against Trybulec, as well as three John Does, claiming that the fire at AQ Chicken was caused by the negligence of Trybulec, alone or in concert with others, and resulted in the total loss of the restaurant. In response, Farm Bureau filed a complaint for declaratory judgment on October 11, 2005, seeking a judgment from the circuit court that it had no duty to defend or pay indemnity benefits under the homeowners' policy issued to Joseph James Trybulec, Sr., and Mary Beth Trybulec for: (1) the intentional acts alleged in the complaint filed by Bradley Ventures; (2) the allegations in the complaint filed by Bradley Ventures that are based upon activities involving an illegal purpose; or (3) the punitive-damage claim alleged in the complaint filed by Bradley Ventures. On February 28, 2006, Cypress Insurance Company moved to intervene, claiming that, as the insurer of AQ Chicken, it had an interest in the outcome and final judgment in the Benton County case filed by Bradley Ventures against Trybulec. The circuit court entered an order permitting Cypress to intervene on March 9, 2006.

On March 7, 2006, Farm Bureau filed a motion for summary judgment claiming that there were no material issues of fact in dispute and that it was entitled to a judgment as a matter of law that, based upon Trybulec's plea of guilty to reckless burning, Trybulec's actions were admittedly intentional and Farm Bureau owed no duty to defend and indemnify Trybulec under his parents' homeowners' insurance policy for any results of those actions. In addition, Farm Bureau urged that it also owed no duty to defend or indemnify Trybulec because the complaint filed by Bradley Ventures arose from activities involving an illegal purpose. Finally, Farm Bureau asserted it owed no duty to defend and indemnify Trybulec for the punitive-damage claim of Bradley Ventures. In Farm Bureau's brief in support of its motion for summary judgment, it concluded that Trybulec was collaterally estopped from arguing that he did not intentionally cause the fire in question because he had pled guilty to reckless burning, which requires an intentional act.

The circuit court granted summary judgment in favor of Farm Bureau on September 12, 2006, finding that Farm Bureau had no duty to indemnify Joseph James Trybulec, Sr., Mary Beth Trybulec, and/or Joseph James Trybulec, Jr. Furthermore, the order stated that Farm Bureau had no duty to defend Joseph James Trybulec, Sr., Mary Beth Trybulec, and/or Joseph James Trybulec, Jr., or pay any damages whatsoever that may be incurred as a result of a fire loss which occurred on or about July 19, 2004.

Bradley Ventures and Cypress each filed a timely notice of appeal with the court of appeals.[1] The court of appeals certified the case to our court on August 30, 2007, and we accepted that certification on September 3, 2007.

On appeal, Bradley Ventures argues that the circuit court erred in granting summary judgment in favor of Farm Bureau because a genuine issue of material fact still remained as to whether Trybulec intentionally started the fire that took place at the AQ Chicken restaurant or whether the fire was caused by activity involving an illegal purpose. It is Bradley Ventures' contention that those issues were not "actually litigated" simply because there was a plea agreement reached. In addition, Bradley Ventures urges that Farm Bureau's alternative theory for summary judgment, that

---

[1] The Trybulecs did not personally file an appeal in this matter. Hereinafter, Bradley Ventures and Cypress will be jointly referred to as "Bradley Ventures."

it did not have a duty to defend any of the Trybulecs because punitive damages were alleged and their policy specifically excluded coverage for punitive damages, is incorrect as Arkansas law provides there is a duty to defend even though ultimately there may not be a duty to indemnify.[2] The issue that must be decided by this court is whether or not summary judgment was appropriate in this case.

The law is well settled that summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *See City of Farmington v. Smith*, 366 Ark. 473, 237 S.W.3d 1 (2006). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *See id.* On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *See id.* We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *See id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *See id.*

### *"Actually litigated"*

Bradley Ventures first argues that Farm Bureau may not escape the duty to defend its insured before the liability of the insured is determined, and that the homeowners' policy held by the Trybulecs provided that the duty to defend and indemnify existed unless it is determined that the damages were a result of an intentional act or an activity involving an illegal purpose. It further contends that, simply because Trybulec agreed to plead guilty to a lesser crime than he was originally charged with, the elements of his intent and his purpose were not actually litigated and, as such, collateral estoppel does not apply to prevent Bradley Ventures from arguing that Trybulec acted negligently, rather than intentionally, in causing the fire.

---

[2] In its written order, the circuit court summarily granted Farm Bureau's motion for summary judgment, thereby making it impossible for this court to determine on what specific grounds the motion was granted.

Farm Bureau argues that Trybulec was engaged in two intentional acts at the time of the fire: (1) criminally trespassing on Bradley Venture property; and (2) intentionally causing the fire to the AQ Chicken restaurant. Farm Bureau asserts that the best evidence of Trybulec's mental state at the time of the fire was his guilty plea to the offense of reckless burning, especially considering that the circuit court followed procedural safeguards pursuant to Rule 24 of the Arkansas Rules of Criminal Procedure before accepting his guilty plea. In addition, Farm Bureau contends that even if the fire was an accident, coverage would still be excluded under the "illegal-purpose" exclusion of the policy because Trybulec admittedly did not have permission to be on the property.

Reckless burning in Arkansas does require an element of intent:

> (a) A person commits the offense of reckless burning if the person purposely starts a fire or causes an explosion, whether on his or her own property or property of another person, and thereby recklessly:
>
> > (1) Creates a substantial risk of death or serious physical injury to any person;
> >
> > (2) Destroys or causes substantial damage to an occupiable structure of another person; or
> >
> > (3) Destroys or causes substantial damage to a vital public facility.

Ark. Code Ann. § 5-38-302(a) (Repl. 2006).

While it is undisputed that Trybulec pled guilty to the offense of reckless burning, his plea was negotiated and agreed to in exchange for the charge being reduced from arson. The question before this court is whether or not that plea precluded the argument in a subsequent civil case that Trybulec did not intentionally start the fire. Farm Bureau's position remains that the argument was precluded and, as such, the insurance policy it issued to the Trybulecs will not cover any of the claims arising from the fire.

The doctrine of collateral estoppel, or issue preclusion, bars the relitigation of issues of law or fact actually litigated by the parties in the first suit, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to

litigate the issue in question and that issue was essential to the judgment. *See Zinger v. Terrell*, 336 Ark. 423, 985 S.W.2d 737 (1999). Arkansas law provides that the following elements must be present in order to establish collateral estoppel: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to the judgment. *See Parker v. Johnson*, 368 Ark. 190, 244 S.W.3d 1 (2006).

The only element of collateral estoppel in question in the current case is the second. Therefore, we must determine whether the issues of intentional act and illegal purpose were "actually litigated" when Trybulec pled guilty to reckless burning. In *Zinger v. Terrell, supra,* we noted that the long-standing case law in Arkansas provides that a judgment in a criminal prosecution is neither a bar to a subsequent civil proceeding founded upon the same facts nor proof of anything except its rendition. While this court ultimately decided that it was time "to overrule our caselaw and join the prevailing view that a prior criminal conviction for murder acts as a bar to relitigating the same issue for the same defendant in civil court," that decision only created a narrow exception for a murder conviction. *See id.; see Johnson v. Union Pac. R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003). It is also important to note that the first-degree murder conviction in *Zinger* had been the result of an actual jury trial, not a plea agreement as in the instant case. Furthermore, *Zinger* did not overrule *Washington National Ins. Co. v. Clement*, 192 Ark. 371, 91 S.W.2d 265 (1936), in which this court held that a criminal prosecution for driving while intoxicated did not bar a subsequent civil proceeding founded on the same facts, and was not proof of anything in such civil proceeding except the mere fact of its rendition. *See Zinger v. Terrell, supra.* Finally, comment b. to the Restatement (Second) of Judgments § 85 (1982), in discussing *actual adjudication*, provides in relevant part:

> A defendant who pleads guilty may be held to be estopped in subsequent civil litigation from contesting facts representing elements of the offense. However, under the terms of this Restatement such an estoppel is not a matter of issue preclusion, because *the issue has not actually been litigated,* but is a matter of the law of evidence beyond the scope of this Restatement.

(Emphasis added.)

Typically, collateral estoppel is relied upon by a defendant to preclude a plaintiff from relitigating an issue that has previously been decided adversely to the plaintiff. *See Johnson v. Union Pacific Railroad, supra.* In the instant case it is the defendant that was precluded from presenting a defense, an offensive use of collateral estoppel. This court has noted that the offensive use of collateral estoppel is more controversial, but has held it should be available in limited cases. *See id.*

In *Johnson v. Union Pac. R.R., supra,* this court discussed *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322 (1979), a case out of the United States Supreme Court which addressed the offensive use of collateral estoppel:

> In *Parklane Hosiery,* the Court defined offensive collateral estoppel as occurring 'when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party.' The Court concluded that trial courts should be given broad discretion in determining when offensive collateral estoppel applies. This conclusion was based on the Court's determinations that the offensive use of collateral estoppel does not promote judicial economy in the same way that defensive estoppel does, and that its use may be unfair to a defendant. By way of illustration only, the Court observed that the offensive use of collateral estoppel may be unfair (1) where the defendant in the first action is sued for small or nominal damages and thus may not have had great incentive to defend vigorously; (2) where the judgment relied upon as a basis for estoppel is itself inconsistent with one or more previous judgments in favor of the defendant; and (3) where the second action affords the defendant procedural opportunities unavailable in the first action that could cause a different result. The Court then held:

> We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel.

352 Ark. at 545-46, 104 S.W.3d at 751 (internal citations omitted).

In the instant case, Trybulec was first charged with arson, a Class Y felony. In exchange for his guilty plea, Trybulec's charge was reduced to reckless burning, a Class D felony. When a defendant is given the option to plead guilty to a lesser offense rather than proceeding to trial at the risk of being found guilty by a jury of a more serious offense, seemingly that defendant has a serious motivation to enter a guilty plea. This is especially true when the alleged crime is a less serious offense and there is not a strong incentive to litigate. *See, e.g., Allstate Ins. Co. v. Kovar*, 842 N.E.2d 1268 (Ill. App. 2006). It is unfair to allow collateral estoppel to be asserted when the defendant, here Trybulec, was not sufficiently motivated to challenge the allegations made by the State. This court will not apply the offensive use of collateral estoppel when it is unfair to the defendant. *See Johnson v. Union Pac. R. R., supra.*[3]

■ Based upon the above, we hold that a guilty plea in a criminal case is not equivalent to a criminal conviction that has been "actually litigated." We hold that "actually litigated" means actually litigated. Because the issue of intent was not actually litigated, a genuine issue of material fact still remained as to whether Trybulec intentionally started the fire at AQ Chicken, and summary judgment was not appropriate. As for Farm Bureau's contention that any testimony that raised a question as to Trybulec's intent was only provided by his "self-serving, ever-changing testimony," this court has repeatedly held that the duty of resolving conflicting testimony and determining the credibility of witnesses is left to the discretion of the fact-finder. *See Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007).

■ Finally, while Farm Bureau may be correct in its contention that Trybulec never disputed that he did not have permission to be on the premises at the time of the fire, that is not analogous to the issue of trespass or any other illegal purpose having been actually litigated. Furthermore, his plea to reckless burning was not a final and valid judgment on the issues of trespass

---

[3] While there is split authority and varying rationalizations used regarding this issue, several jurisdictions have also held that collateral estoppel does not apply when a conviction is based on a guilty plea. *See Picaso v. Tucson Unified Sch. Dist.*, 154 P.3d 364 (Ariz. App. 2007); *Allstate Ins. Co. v. Kovar*, 842 N.E.2d 1268 (Ill. App. 2006); *Mrozek v. Intra Financial Corp.*, 699 N.W.2d 54 (Wis. 2005); *State Farm Fire & Casualty Co. v. Connolly*, 852 A.2d 227 (N.J. Super. 2004).

or illegal purpose, nor were those issues essential to that plea; therefore, collateral estoppel does not apply to the issues of trespass or illegal purpose. *See Parker v. Johnson, supra.* As a result, we hold that a genuine issue of material fact still remained as to whether the fire arose from an activity involving an illegal purpose because that issue was never actually litigated and, as such, summary judgment was not appropriate.

### Duty to Defend

For its last point, Bradley Ventures insists that the circuit court's summary judgment may not be affirmed regardless of Farm Bureau's assertion both to the circuit court and to this court that it owed no duty to defend the Trybulecs because the original complaint contained pleadings for punitive damages and their insurance policy contained a provision specifically excluding coverage of punitive damages. Bradley Ventures argues that Arkansas law provides there is a duty to defend even if ultimately there may not be a duty to indemnify. Farm Bureau responds that claims for punitive damages were specifically excluded by the policy and, as such, it owed no duty to defend such a claim and summary judgment was appropriate.

As previously noted, the circuit court summarily granted summary judgment in its written motion; therefore, we cannot determine the basis for the ruling. While it seems more likely that the motion was granted based upon Trybulec's guilty plea to the charge of reckless burning, we must address this last argument as well because the issue regarding Farm Bureau's duty to defend the punitive-damage claim was also raised in the motion.

An argument analogous to the argument made in the instant case by Farm Bureau was made by Appalachian Insurance Company in *Thomas v. Appalachian Insurance Co.*, 335 So. 2d 789 (La. Ct. App. 1976), and discussed by this court in *Home Indemnity Co. v. Marianna*, 291 Ark. 610, 727 S.W.2d 375 (1987). In *Thomas*, the insured, a police officer, was sued only for punitive damages for "intentionally and maliciously" using excessive force in arresting the plaintiff. Appalachian refused to defend because the policy excluded coverage as to punitive damages. While conceding that punitive damages did not come within the coverage of the policy, the court rejected Appalachian's argument:

> We cannot say that plaintiff's petition unambiguously excludes coverage for damages allegedly caused plaintiff. The petition al-

leges a claim within the scope of the Civil Rights Act, Title 42 of the United States Code, Section 1983. Although plaintiff prayed for punitive damages only, the federal district court is not restricted to such an award. The plaintiff may be granted any relief the court believes he is entitled to, even if he has not demanded such relief in his pleading. Plaintiff's petition contains allegations, which if proven, would amply support the federal courts granting of compensatory damages.

An insurer should not be allowed to escape its responsibility to defend on a mere technicality based on the type of relief prayed for by a plaintiff, where the insured can be held liable for other damages under the petition. Furthermore, the obligation of the insurer to defend is broader than its liability for damage claims

335 So. 2d at 792 (internal citations omitted).

■ In the instant case, the complaint against Trybulec prayed not only for punitive damages, but for compensatory damages as well. The circuit court would not have been limited to awarding punitive damages and may have chosen not to award them at all. The duty to defend is broader than the duty to pay damages. *See Home Indemnity Co. v. Marianna, supra.* Farm Bureau may not escape its duty to defend Trybulec simply because punitive damages were alleged in the original complaint; therefore, that argument does not provide this court with an alternative reason to affirm summary judgment.

Because summary judgment was not appropriate, we reverse and remand the circuit court's order.

Reversed and remanded.

GLAZE, J., not participating.