LARRY D. VAUGHT, Judge
This is an appeal from the dismissal of an unlawful-detainer action. D & T Pure Trust; Mayflower R.V., Inc.; Toni Len Boydston, as personal representative of the estate of Lendell Doug Boydston; and Toni Len Boydston, individually (collectively referred to as Boydston), sued DWB, LLC, d/b/a Mayflower RV Sales and Service; and Danny Brown (collectively referred to as Brown) in the Crawford County Circuit Court for unlawful detainer. Boydston sought possession of certain property that it had leased to Brown as well as treble damages stemming from Brown's alleged breach of their commercial lease. The Crawford County Circuit Court dismissed Boydston's unlawful-detainer complaint based on "the doctrine of claim preclusion and the concepts of res judicata and judicial economy." We reverse and remand.
I. Background and Procedural History
This dispute stems from Brown's March 2013 purchase of Mayflower RV-a business with locations in Faulkner County, Crawford County, and Hot Spring County-from Boydston. Brown purchased Mayflower RV and also leased the land on which the business was located. These transactions were memorialized in an asset-purchase agreement and a lease agreement.
Notably, the asset-purchase agreement included a venue provision that required that all disputes under the agreement be *454 resolved in Pulaski County. The lease included no such venue provision. Also significant to this appeal is that the lease required Brown to pay Boydston $14,583.33 monthly in rent for the three Mayflower RV locations, but it did not specify the amount of rent attributable to each individual property.
The relationship between Brown and Boydston soured, and Boydston accused Brown of breaching the lease and the asset-purchase agreement. The dispute heightened when the Faulkner County location was destroyed by a tornado in April 2014. At this juncture, Brown and Boydston disagreed on the amount of pro rata rent that Brown was obligated to pay for Mayflower RV's two operational locations in Crawford County and Hot Spring County.
On May 13, 2014, Boydston sent a formal notice of default and opportunity to cure to Brown. In the letter, Boydston alleged numerous breaches of their agreements, including that Brown owed and failed to pay rent in the amount of two-thirds of the amount enumerated in the lease agreement. On May 16, 2014, Brown responded to Boydston's letter and challenged Boydston's understanding of the proper amount of pro rata rent owed. Boydston replied, outlining Brown's continuing defaults.
On June 6, 2014, Boydston sent Brown a letter terminating the lease, a notice of uncured default, and a notice to vacate the Crawford County location. Brown was served with the notice to vacate on June 13, 2014, but did not vacate the property. Boydston informed Brown of additional defaults in letters dated July 15, and September 19, 2014. Brown continued to hold over on the property.
On June 12, 2014, Brown sued Boydston in the Pulaski County Circuit Court seeking a declaratory judgment regarding a multitude of disputes between the parties. Boydston counterclaimed, seeking damages for the breaches of the agreements, which included damages for unpaid rent.
Shortly thereafter, on June 23, 2014, Boydston filed this unlawful-detainer action in the Crawford County Circuit Court pursuant to Arkansas Code Annotated sections 18-60-301 et seq. (Repl. 2015). In his complaint, Boydston alleged that Brown breached the lease, the lease had been terminated based on Brown's breach, and Brown refused to vacate the premises. Brown answered, and Boydston later filed an amended and substituted complaint. Subsequently, Brown answered the amended and substituted complaint and also filed a motion to dismiss pursuant to Arkansas Rule of Civil Procedure 12(b)(8), arguing that venue was proper in Pulaski County.
Next, Boydston filed a motion with the Crawford County Circuit Court to stay the proceedings; however, the circuit court never ruled on the motion. The parties also filed several motions for continuance. The practical result of these motions was that there was no action on this case until after the Pulaski County case was litigated in February 2016.
In July 2016, several months after the February 2016 trial, the Pulaski County Circuit Court entered an order in which Boydston largely prevailed. As part of its ruling, the Pulaski County Circuit Court found that Brown was liable to Boydston under the lease for failure to pay the proper amount of pro rata rent on the Crawford County and Hot Spring County properties. Specifically, it found that Brown owed Boydston $40,251.06 in unpaid rent. The Pulaski County Circuit Court further found that it lacked jurisdiction to decide the unlawful-detainer claims and stated:
*455 The Court's findings of fact regarding when [Brown was] in breach of the Lease Agreement and Asset Purchase and Sale Agreement and the proper pro rata rent amounts that should have been paid by [Brown] to [Boydston] are instructive, but are not binding, for the ... Crawford County Court in the unlawful detainer litigation.
Brown appealed the Pulaski County Circuit Court's order to this court and had numerous arguments in support of reversal. We largely affirmed the Pulaski County Circuit Court, reversing only its awards of prejudgment interest. See DWB, LLC v. D & T Pure Trust , 2018 Ark. App. 283, 550 S.W.3d 420.
After the Pulaski County Circuit Court issued its final order, the parties sought resolution of the unlawful-detainer complaint filed in Crawford County. Boydston filed a motion for summary judgment. His motion was based on the Pulaski County Circuit Court's finding that Brown had breached the lease and owed $40,251.06 in unpaid rent. Boydston contended that the only matter left to adjudicate was his entitlement to treble damages, which the unlawful-detainer statute clearly authorizes in cases involving property used for commercial purposes. See Ark. Code Ann. § 18-60-309(b)(2). On the contrary, Brown renewed his motion to dismiss, making several arguments including that Boydston's unlawful-detainer claim was barred by res judicata.
The Crawford County Circuit Court held a hearing on Brown's and Boydston's competing motions on August 29, 2017. At the hearing, the circuit court grappled with whether the Pulaski County litigation of the amount of unpaid rent Brown owed amounted to an adjudication of the Crawford County unlawful-detainer claim. On September 20, 2017, the circuit court issued a letter opinion granting Brown's motion to dismiss and denying Boydston's motion for summary judgment. On September 27, 2017, the circuit court entered an order to that effect. The order dismissed the unlawful-detainer complaint with prejudice based on "the doctrine of claim preclusion and the concepts of res judicata and judicial economy."
Boydston timely appealed the dismissal order. In this appeal, Boydston seeks reversal of the dismissal order and the denial of his motion for summary judgment. Boydston argues that the circuit court erred when it granted Brown's motion to dismiss based on res judicata. More specifically, Boydston argues that neither claim preclusion nor issue preclusion bars his unlawful-detainer claim. Boydston also contends that the circuit court erred when it granted Brown's motion to dismiss based on the doctrine of judicial economy. Finally, Boydston argues that the circuit court erred when it denied his motion for summary judgment because it failed to apply previously adjudicated facts.
II. Unlawful Detainer Generally
We recognize that an unlawful-detainer action is "quite limited in scope." Coleman's Serv. Ctr. v. FDIC , 55 Ark. App. 275, 292, 935 S.W.2d 289, 298 (1996). Our unlawful-detainer statute is codified at Arkansas Code Annotated §§ 18-60-301 et seq. It provides that a person is guilty of unlawful detainer if he or she, willfully and without right, holds land after demand has been made in writing for the delivery or surrender of possession of the land by the person having the right to possession. Ark. Code Ann. § 18-60-304(2). Jurisdiction for an unlawful-detainer action lies in the county in which the offense was committed. Ark. Code Ann. § 18-60-306(a)(1). And significantly, in cases in which the property sought to be recovered is used for commercial purposes, the plaintiff shall be entitled *456 to receive liquidated damages at the rate of three times the rental value per month for the time that the defendant has unlawfully detained the property. Ark. Code Ann. § 18-60-309(b)(2).
III. The Dismissal Order
The dismissal order provides that "the doctrine of claim preclusion and the concepts of res judicata and judicial economy" apply. Boydston argues that the circuit court erred by dismissing the unlawful-detainer complaint based on this reasoning.
We conduct a de novo review of the order granting the motion to dismiss and determine whether Brown was entitled to judgment as a matter of law.[1] Holliman v. Johnson , 2012 Ark. App. 354, 417 S.W.3d 222 ; Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc. , 2010 Ark. App. 279, 373 S.W.3d 907.
The purpose of res judicata is to put an end to litigation by preventing a party who has already had a fair trial on the matter from litigating it again. Hardy v. Hardy , 2011 Ark. 82, 380 S.W.3d 354. Res judicata consists of "two facets, one being issue preclusion and the other claim preclusion." Id. at 5, 380 S.W.3d at 357. Claim preclusion and issue preclusion are applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. Huffman v. Alderson , 335 Ark. 411, 983 S.W.2d 899 (1998). It is important to acknowledge that res judicata "does not bar a subsequent action where ... a party was prohibited from asserting its claim." Coleman's , 55 Ark. App. at 295, 935 S.W.2d at 300.
First, we analyze whether the circuit court erred as a matter of law by finding that claim preclusion barred Boydston's unlawful-detainer claim. Claim preclusion bars relitigation when the following factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. Hardy , 2011 Ark. 82, at 6, 380 S.W.3d at 358.
Boydston's claim in the Crawford County Circuit Court was for unlawful detainer of commercial property, and accordingly, he sought possession of the property plus treble damages for unpaid rent. In Pulaski County, Boydston had a claim for breach of contract and sought damages for unpaid rent. These claims are certainly related as they both require a determination of the proper amount of rent owed by Brown. Nevertheless, they are separate and distinct actions. An unlawful-detainer action is a proceeding governed by statute, specifically Arkansas Code Annotated sections 18-60-301 et seq. Subsection 306(a)(1) provides that an unlawful-detainer action must be brought in the county in which the property lies. Ark. Code Ann. § 18-60-306(a)(1). Our unlawful-detainer statute specifically prohibited Boydston from asserting his unlawful-detainer claim in Pulaski County, and the Pulaski County Circuit Court correctly determined that it did not have jurisdiction to adjudicate the claim. Accordingly, Boydston did not have a full and fair opportunity to litigate the unlawful-detainer *457 claim in Pulaski County, and claim preclusion does not bar this action in Crawford County.
Turning to issue preclusion, we acknowledge that this doctrine bars relitigation of issues of law or fact. Bradley Ventures, Inc. v. Farm Bureau Mut. Ins. Co. , 371 Ark. 229, 264 S.W.3d 485 (2007). Issue preclusion is sometimes referred to as collateral estoppel. Pursuant to the doctrine of issue preclusion, specific issues of fact cannot be relitigated. Crockett & Brown, P.A. v. Wilson , 314 Ark. 578, 581, 864 S.W.2d 244, 246 (1993).
We easily dispose of the question of whether issue preclusion barred the Crawford County Circuit Court from deciding Boydston's unlawful-detainer complaint and conclude that it did not. Although it is correct that the Pulaski County Circuit Court determined the amount of unpaid rent Brown owed Boydston, it specifically found that the rent amounts were instructive and not binding on the Crawford County court. Moreover, the amount of rent owed is not the only element of an unlawful-detainer action. Because the parties did not have a full and fair opportunity to litigate all components of the unlawful-detainer action in Pulaski County, the Crawford County Circuit Court was not barred from doing so on the basis of issue preclusion.
Boydston also contends the circuit court erred when it determined that dismissal of his unlawful-detainer complaint was proper based on the doctrine of judicial economy. We agree. Judicial economy is merely a policy consideration used when a court makes various determinations and not a basis by which a suit can be barred. See Pennington v. Harvest Foods , 326 Ark. 704, 934 S.W.2d 485 (1996). Thus, judicial economy, by itself, is insufficient to support dismissal.
In summation, we hold that the Crawford County Circuit Court erred by dismissing Boydston's unlawful-detainer complaint based on "the doctrine of claim preclusion and the concepts of res judicata and judicial economy." Accordingly, we reverse the circuit court's order of dismissal.
IV. The Order Denying the Motion for Summary Judgment
Boydston also seeks reversal of the circuit court's order denying his motion for summary judgment. Generally, he contends that because the Pulaski County Circuit Court had previously determined the amount of unpaid rent Brown owed, there were no issues of fact to resolve, and summary judgment was proper.
As a preliminary matter, we must address whether the issue is properly before our court. Ordinarily, the denial of a motion for summary judgment is not reviewable or appealable. See Nucor Holding Corp. v. Rinkines , 326 Ark. 217, 931 S.W.2d 426 (1996). Boydston argues that in this case, the denial is reviewable because it effectively terminated the proceedings below. See Hutchens v. Bella Vista Vill. Prop. Owners' Ass'n, Inc. , 82 Ark. App. 28, 110 S.W.3d 325 (2003) ; Shelter Mut. Ins. Co. v. Williams , 69 Ark. App. 35, 9 S.W.3d 545 (2000) ; Karnes v. Trumbo , 28 Ark. App. 34, 770 S.W.2d 199 (1989).
We do, indeed, review the denial of orders for summary judgment in limited circumstances. Nevertheless, the facts in this case do not allow for our review. The denial of a motion for summary judgment is reviewable when the denial implicitly grants the dismissal order. For instance, in both Hutchens and Williams , which were cited with approval by Boydston, the dismissal order followed competing motions for summary judgment filed *458 by the parties. And in Karnes , the dismissal order followed a motion for summary judgment filed by Karnes that included facts stipulated to by the parties. In each of these cases, the dismissal of the action was based on arguments directly opposed to those in the motion for summary judgment that was denied.
Here, the facts are distinguishable. Although one order disposed of both Boydston's and Brown's motions, their motions were based on legal theories that, although similar, were separate and distinct from each other. And, unlike the cases cited by Boydston, the denial of Boydston's motion for summary judgment was not the impetus for the dismissal of the case. Accordingly, we decline to reach the merits of the order denying the motion for summary judgment.
V. Conclusion
We hold that the circuit court erred by granting Brown's motion to dismiss based on "the doctrine of claim preclusion and the concepts of res judicata and judicial economy." We further conclude that we are without jurisdiction to consider the merits of the order denying Boydston's motion for summary judgment. Accordingly, we reverse and remand for the circuit court to proceed in a manner consistent with our opinion.
Reversed and remanded.
Gruber, C.J., and Whiteaker, J., agree.

We acknowledge that matters outside the pleadings were presented to the circuit court and not excluded. Thus, the motion to dismiss was converted to a motion for summary judgment. See Short v. Westark Cmty. College , 347 Ark. 497, 65 S.W.3d 440 (2002). Irrespective of this, our analysis is the same because the issues presented to the circuit court were purely questions of law.