Cite as 2022 Ark. App. 85

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CV-21-68

| | |
|---|---|
| ROBINSON NURSING AND REHABILITATION CENTER, LLC; CENTRAL ARKANSAS NURSING CENTERS, INC.; NURSING CONSULTANTS, INC.; AND MICHAEL MORTON<br><br>APPELLANTS<br><br>V.<br><br>JAMES BRILEY, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF ALICE ANN BRILEY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ALICE ANN BRILEY, DECEASED<br><br>APPELLEE | OPINION DELIVERED FEBRUARY 23, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-17-6616]<br><br>HONORABLE TIMOTHY D. FOX, JUDGE<br><br>REVERSED AND REMANDED |

**ROBERT J. GLADWIN, Judge**

Robinson Nursing and Rehabilitation Center, LLC; Central Arkansas Nursing Centers, Inc.; Nursing Consultants, Inc.; and Michael Morton (collectively "Robinson") appeal the Pulaski County Circuit Court's order denying Robinson's motion to compel arbitration on claims filed by appellee James Briley, as special administrator of the estate of Alice Ann Briley, and on behalf of the wrongful death beneficiaries of Alice Ann Briley, deceased (hereinafter referred to as "Briley"). On appeal, Robinson argues that the circuit court erroneously denied its motion because res judicata bars reconsideration of the

arbitration agreement's validity and enforceability. We reverse and remand for entry of an order to compel arbitration.

## I. *Procedural History*

This appeal is related to a separate class-action suit filed by nursing home residents or their representatives against Robinson. Briley is a member of the certified class. The class-action case has resulted in two Arkansas Supreme Court opinions. *See Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2019 Ark. 305, 586 S.W.3d 624 (*Phillips II*); *Robinson Nursing & Rehab. Ctr., LLC v. Phillips*, 2017 Ark. 162, 519 S.W.3d 291 (*Phillips I*).

## A. *Phillips I*

On September 4, 2015, Andrew Phillips, as personal representative of the estate of Dorothy Phillips, and others (collectively "Phillips") filed a first amended class-action complaint alleging that Robinson's business practice of chronic understaffing breached the admission and provider agreements, violated the Arkansas Deceptive Trade Practices Act (ADTPA), constituted negligence and civil conspiracy, and unjustly enriched Robinson.[1] *Phillips I*, 2017 Ark. 162, at 2, 519 S.W.3d at 294. The circuit court granted class certification of all residents who resided at the Robinson Nursing and Rehabilitation Center from June 11, 2010, to March 4, 2016. *Id.* at 3, 519 S.W.3d at 295. Robinson filed an interlocutory appeal, and the Arkansas Supreme Court affirmed the class certification for breach-of-contract, ADTPA, and unjust-enrichment claims, reversed the class certification in regard to

---

[1]Phillips's case was filed in the Pulaski County Circuit Court, Sixth Division, Judge Timothy D. Fox presiding.

the negligence claims, and remanded with instructions to decertify the class as to Phillips's

negligence claims. *Id.* at 14–16, 519 S.W.3d at 301–02.

The class action continued in the circuit court as follows:

On September 1, 2017, Robinson filed a motion to compel arbitration with regard to nine class members/residents with arbitration agreements that had been signed by the residents' legal guardians. This motion was later supplemented to add one additional class member. Robinson also filed separate motions to compel arbitration as to 105 residents who had signed the agreements on their own behalf and as to 158 residents whose agreements had been signed by a person with power of attorney over that resident. On September 5, 2017, Robinson filed a fourth motion to compel arbitration as to 271 residents who had "responsible parties" execute arbitration agreements on their behalf. The individual arbitration agreements, admission agreements, and any other accompanying documents were attached to the motions to compel.

On September 7, 2017, Phillips filed an unopposed motion for extension of time to respond to Robinson's motions to compel arbitration. The motion was granted, and the circuit court extended the time for response until October 17, 2017. However, before Phillips filed a response, the circuit court summarily ruled at a September 22, 2017 hearing that all four of Robinson's motions to compel arbitration were denied. Neither party presented argument in support of, or in opposition to, the motions or objected to the timing of the circuit court's ruling at the hearing. The court also denied Robinson's request for findings of fact and conclusions of law. A written order generally denying the motions to compel was entered on October 19, 2017, and Robinson filed a timely notice of appeal from the order.

*Phillips II*, 2019 Ark. 305, at 3–4, 586 S.W.3d at 628.

B. Briley's Individual Litigation

On November 14, 2017, during the pendency of the class-action appeal, Briley filed

a complaint against Robinson.[2] Briley alleged negligence, medical malpractice, breach of the

---

[2]Briley's complaint was filed in the Pulaski County Circuit Court, Second Division, Judge Christopher Charles Piazza presiding.

admission agreement, breach of the provider agreement, and violations of the ADTPA. On January 3, 2018, Robinson filed an answer alleging that an arbitration agreement prevented jurisdiction in a court of law and denying the remainder of the complaint.

On July 25, Briley moved to compel discovery, asking that Robinson produce the applicable arbitration agreement. Briley argued that Robinson had not sought to compel arbitration in the seven months since it was served. Robinson responded that *Phillips II* was pending in the Arkansas Supreme Court, and at issue was the circuit court's denial of motions to enforce arbitration agreements, including Ms. Briley's. Robinson claimed that if the supreme court determined that Ms. Briley's arbitration agreement is valid and enforceable, it will be the province of the arbitrator to resolve any discovery disputes between the parties.

Briley replied that Robinson was delaying and argued that the motion to compel discovery should be granted because the court had jurisdiction until Robinson compelled arbitration. Briley claimed that Robinson's lack of diligence in pursuing arbitration is not a bar to Briley's discovery but a waiver of its right to contest jurisdiction, citing *Messina v. North Central Distributing, Inc.*, 821 F.3d 1047 (8th Cir. 2016), and *Diamante v. Dye*, 2013 Ark. App. 630, 430 S.W.3d 196. Briley argued further,

> Moreover, [Robinson's] contention that the Arkansas Supreme Court's decision on the validity of arbitration agreements in [*Phillips II*] will summarily place [Briley's] case in arbitration misses the mark. [*Phillips II*] involves [Robinson's] waiver of the arbitration issue--accordingly, [*Phillips II*] could be decided on the waiver issue without ever addressing the merits of the validity of the arbitration agreement. Even if the Supreme Court decides the [*Phillips II*] arbitration agreements are valid, it will not negate [Briley's] right to challenge the facts and circumstances surrounding the

4

contract's formation that [Briley] may raise in this case. Regardless of the Supreme Court's decision in [*Phillips II*], [Robinson] will still have to move to compel arbitration or provide discovery.

On October 4, 2018, Robinson moved to transfer Briley's case to the Pulaski County Circuit Court, Sixth Division. Robinson alleged that Briley is a member of the certified class in *Phillips II*, which was pending before the Sixth Division Circuit Court, and that Briley did not opt out of the class action by the deadline of January 2, 2018, as provided in the class-certification order. Robinson argued that both Briley's case and the class-action cases seek damages for alleged understaffing at Robinson Nursing and Rehabilitation Center during the class period and that both cases include the same causes of action. Robinson asserted that it had filed a motion to compel arbitration in the class-action case, and the circuit court denied the motion; therefore, Robinson appealed. Robinson argued that Ms. Briley's arbitration agreement is included in the appeal and that after the appellate court's decision, a mandate would issue in the class-action case directing the circuit court on how to proceed as to the arbitration agreements.

On October 12, Briley moved to voluntarily dismiss without prejudice all of his claims except for negligence and medical negligence, and the court granted the motion. Thereafter, Briley responded to Robinson's transfer motion, arguing that the motion was moot because of his voluntary dismissal of all claims except for those based on negligence. Briley argued that Robinson wrongfully claimed that Ms. Briley is a member of the class in *Phillips II* because the class was not certified as to negligence pursuant to *Phillips I*. He claimed that

5

even though Ms. Briley did not opt out of the class in regard to those claims that were certified, she cannot be a member of the class as to her negligence claims.

Robinson replied, arguing that Briley's response ignored a pending appeal involving Ms. Briley's arbitration agreement and that any mandate addressing the agreement's validity and enforceability would be delivered to the Sixth Division Circuit Court. Robinson argued that the circuit court in *Phillips II* is in the best position to determine whether Ms. Briley is a member of the class action and the extent to which her status as a class member affects her attempt to bring individual claims.

On January 30, 2019, the circuit court granted Robinson's motion to transfer, and on October 31, the Arkansas Supreme Court delivered its opinion in *Phillips II*.

### C. *Phillips II*

On appeal of the circuit court's denial of Robinson's motion to enforce arbitration agreements in the class-action case, Robinson argued that the 544 arbitration agreements were valid and enforceable, that Phillips's claims were within the scope of the agreements, and that the circuit court's ruling was contrary to the Arkansas Supreme Court's strong policy in favor of arbitration. *Phillips II*, 2019 Ark. 305, at 4, 586 S.W.3d at 628. The supreme court noted Phillips's preliminary argument in his response brief that the motions to compel arbitration were barred by the law-of-the-case doctrine and that Robinson also waived its right to arbitrate because, in part, Robinson waited for more than two years to request arbitration. *Id.* at 5, 586 S.W.3d at 629. The supreme court held that Phillips's arguments were not preserved because Phillips did not file a response to the motions to

6

compel nor did he raise these issues to the circuit court at the hearing. *Id.* Further, Phillips failed to secure a ruling on either the law-of-the-case doctrine or waiver. *Id.* "We therefore decline to address them and instead discuss only the issues raised by Robinson in its motions to compel—namely, whether there was a valid agreement to arbitrate between the parties and whether the claims fell within the scope of the agreements." *Id.* at 6, 586 S.W.3d at 629.

The supreme court affirmed the circuit court's denial of Robinson's motion to compel with respect to 271 arbitration agreements that were not signed by the resident, a legal guardian of the resident, or a person with a power of attorney over the resident. *Id.* at 6–13, 586 S.W.3d at 630–33. The court affirmed the denial of Robinson's motion to compel arbitration of those agreements containing a $30,000 threshold, *id.* at 13–17, 586 S.W.3d at 633–35, and of those agreements that were not signed by Robinson or were incomplete. *Id.* at 18–19, 586 S.W.3d at 636. The supreme court also ruled that the arbitration agreements as to residents Joyce Moring, Ruby McGrew, and Eldin Hodges are not enforceable. *Id.* at 19–20, 586 S.W.3d at 636. Finally, the supreme court held that Phillips failed to preserve his argument based on incapacity in relation to 105 arbitration agreements. *Id.* at 20–21, 586 S.W.3d at 636–37.

The supreme court concluded,

> Robinson has met its burden to prove the validity of the remainder of the arbitration agreements not already discussed. Thus, the next threshold issue that must be addressed is whether the claims asserted by Phillips fall within the scope of those remaining arbitration agreements. Depending on the version of the arbitration agreement, the language states that it applies broadly to "any and all claims, disputes, and controversies arising out of, or in connection with, or relating in any way to the Admission Agreement or any service or health care provided" or to "all disputes

7

arising from this or any future stays in this Facility." Phillips does not contend that the claims brought in this class action do not fall within the scope of these arbitration agreements, and we conclude that this requirement is satisfied here. We therefore reverse and remand with respect to those arbitration agreements not otherwise held to be invalid by this opinion.

*Id.* at 21, 586 S.W.3d at 637.

### D. Briley's Individual Litigation, Continued

On February 4, 2020, Robinson moved to compel arbitration. It claimed that Ms. Briley was a resident of Robinson Nursing and Rehabilitation Center on November 18, 2015, and that her son, J.R. Briley, executed an admission agreement and an arbitration agreement as Ms. Briley's attorney-in-fact. Robinson claimed that it had maintained throughout the litigation that Briley's claims are barred from being litigated in a court of law by virtue of the arbitration agreement. Robinson asserted that the parties appeared on September 3, 2019, before the circuit court and acknowledged that the arbitrability of Ms. Briley's arbitration agreement was pending in the Arkansas Supreme Court and that *Phillips II* had since been decided. Robinson claimed that the supreme court held that Ms. Briley's arbitration agreement was "one of the subset of agreements that was valid and enforceable." Robinson argued that Briley's claims are "clearly within the scope of the arbitration agreement" and that all Briley's claims must be submitted to arbitration.

Briley responded that *Phillips II* does not control because the claims therein are not the same claims that remained at issue in Briley's complaint and that *Phillips II* fails to address the insufficiencies of Ms. Briley's arbitration agreement. Briley argued that the arbitration agreement is not valid because it fails to name Ms. Briley and because the agreement is a

condition of admission. Further, Briley claimed that even if the arbitration agreement is valid, Robinson had waived any right to compel arbitration by voluntarily participating in the litigation and subjecting itself to the court's jurisdiction.

Robinson replied that res judicata bars Briley from contesting the validity and enforceability of the arbitration agreement. Robinson argued that the elements of collateral estoppel have been met, *see Hardy v. Hardy*, 2011 Ark. 82, 380 S.W.3d 354, and that it is irrelevant that Briley dismissed those claims that mirrored those in the class action. On October 23, 2020, the circuit court denied Robinson's motion to compel arbitration, and this appeal timely followed.

## II. *Standard of Review and Applicable Law*

An order denying a motion to compel arbitration is immediately appealable pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(12) (2021). We review a circuit court's denial of a motion to compel arbitration de novo on the record. *Phillips II*, 2019 Ark. 305, at 4, 586 S.W.3d at 628–29. When a circuit court denies a motion to compel arbitration without expressly stating the basis for its ruling, as it did here, that ruling encompasses the issues presented to the circuit court by the briefs and arguments of the parties. *Id.* The issues on appeal are decided using the record developed in the circuit court without deference to the circuit court's ruling. *Pine Hills Health & Rehab., LLC v. Talley*, 2018 Ark. App. 131, at 4, 546 S.W.3d 492, 495. An appellate court is not bound by the ruling below, but in the absence of a showing that the circuit court erred in its interpretation of the law, the decision will be accepted as correct on appeal. *Id.* at 4–5, 546 S.W.3d at 495.

The concept of res judicata has two facets, one being claim preclusion and the other issue preclusion. *Sutherland v. Edge*, 2021 Ark. App. 428, at 13 (citing *Muccio v. Hunt*, 2014 Ark. 35; *Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269). Collateral estoppel, the issue-preclusion facet of res judicata, bars relitigation of issues of law or fact previously litigated, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that the issue was essential to the judgment. *Duggar v. City of Springdale*, 2020 Ark. App. 220, at 8, 599 S.W.3d 672, 681 (citing *Deer/Mt. Judea Sch. Dist. v. Kimbrell*, 2013 Ark. 393, at 11–12, 430 S.W.3d 29, 39).

> [C]ollateral estoppel "may bar a party from relitigating an issue decided against it in a later and different case." 1 Carmody-Wait, *Cyclopedia of New York Practice* § 2:358 (2d ed.), *available at* CW2D § 2:358 (WL Feb. 2021 update). Indeed, the elements of collateral estoppel expressly concern issues adjudicated in separate proceedings, providing that the doctrine is established if (1) the issue sought to be precluded is the same as that involved in the prior litigation; (2) the issue was actually litigated in the prior proceeding; (3) the issue was determined by a final and valid judgment; and (4) the determination was essential to the judgment. *Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc.*, 2010 Ark. App. 279, at 10, 373 S.W.3d 907, 914. Collateral estoppel also "does not require mutuality of parties"; therefore, it is possible for a stranger to the first decree to assert collateral estoppel in a subsequent action. *Id.* at 10, 373 S.W.3d at 913–14.

*Entergy Ark., Inc. v. Allen*, 2021 Ark. App. 71, at 18, 618 S.W.3d 427, 438.

### III. *Res Judicata*

Robinson argues that res judicata bars reconsideration of the validity and enforceability of Ms. Briley's arbitration agreement because the Arkansas Supreme Court deemed the arbitration agreement valid and enforceable. *Phillips II*. Briley argues that he is

not precluded from contesting the arbitration agreement because the elements of res judicata have not been satisfied.

Briley argues that the negligence claims in this case were not part of a prior case and that his defenses to the arbitration agreement were not determined. Briley contends that he never had an opportunity to present defenses to the arbitration agreement in the prior proceeding and asserts that he and the other class members were not allowed to argue against the arbitration agreements "at all" because the circuit court denied the motions to compel arbitration before the class could respond. He complains that the supreme court refused to consider contract defenses because the plaintiff class had not been able to raise them to the circuit court before the ruling was made. *Phillips II*, 2019 Ark. 305, at 5, 586 S.W.3d at 629. Therefore, Briley argues that the circuit court's denial constituted a ruling only on the arguments that were raised by Robinson. *Id.* He maintains that negligence claims were not at issue in *Phillips II* and that the supreme court's conclusion that Briley's agreement was not invalid for one of the five specific reasons set forth in *Phillips II* is not equivalent to Briley's agreement being enforceable.

Briley contends that the supreme court did nothing more than determine the threshold question of whether an arbitration agreement exists; "that is, whether there [had] been mutual agreement, with notice as to the terms and subsequent assent." *Phillips II*, 2019 Ark. 305, at 6, 586 S.W.3d at 629. "Even if a court finds that an arbitration agreement exists and that the dispute falls within the scope of the arbitration agreement, the court may still declare an arbitration agreement unenforceable upon such grounds as exist at law or in

11

equity for the revocation of any contract." *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, at 5, 434 S.W.3d 357, 360. Thus, Briley argues that collateral estoppel does not apply.

Robinson argues that there is no dispute that the arbitration agreement, validated in *Phillips II*, includes claims for negligence. Therefore, the fact that Briley's claim in the present matter is for negligence has no effect on the arbitration analysis. Robinson argues that Briley attempts to confuse the issue by incorrectly arguing that claim preclusion applies only when the same causes of action are involved.[3] Robinson contends that the validity of the arbitration agreement is the issue, not Briley's cause of action for negligence.

Collateral estoppel bars relitigation of issues of law or fact, provided that the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question and that the issue was essential to the judgment. *Duggar, supra.* Issue preclusion is limited to those matters previously at issue that were directly and necessarily adjudicated. *John Cheeseman Trucking, Inc. v. Pinson*, 313 Ark. 632, 855 S.W.2d 941 (1993).

The matter must be actually litigated for estoppel to apply. *State Off. of Child Support Enf't v. Willis*, 347 Ark. 6, 59 S.W.3d 438 (2001). For an issue to be actually litigated, "the parties must have had a full and fair opportunity to make adversary presentations on the question, and the court must decide it." David Newbern, John Watkins & D.P. Marshall Jr.,

---

[3]The claim-preclusion aspect of res judicata bars relitigation when five factors are present: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies. *Hardy*, 2011 Ark. 82, at 6, 380 S.W.3d at 358.

*Arkansas Civil Practice & Procedure* § 34:3 (5th ed. 2011); *see also Duggar, supra*; *Beebe v. Fountain Lake Sch. Dist.*, 365 Ark. 536, 231 S.W.3d 628 (2006). "Actually litigated" in the context of collateral estoppel means that the issue was raised, that the defendant had a full and fair opportunity to be heard, and that a decision was rendered on the issue. *Powell v. Lane*, 375 Ark. 178, 289 S.W.3d 440 (2008).

The validity of the arbitration agreement was at issue in *Phillips II*. Briley had a full and fair opportunity to raise any objections but failed to do so. *Phillips II*, 2019 Ark. 305, at 5, 586 S.W.3d at 629. It is undisputed that Ms. Briley's arbitration agreement was signed by J.R. Duke Briley as attorney-in-fact for Ms. Briley and was part of the appeal in *Phillips II*. Ms. Briley was represented in that appeal by her current counsel, who litigated the issue on her behalf. The validity and enforceability of the arbitration agreement was determined by the supreme court, and the determination was essential to that decision. Briley's claim for negligence is within the scope of the arbitration agreement, which the supreme court determined was valid and enforceable. Thus, all four elements of collateral estoppel have been met. *See Allen, supra*.

Because the supreme court has decided the validity of Ms. Briley's arbitration agreement, Briley is collaterally estopped from arguing that the agreement is invalid in this case.

IV. *Waiver*

The three factors to consider when determining whether a party has waived its right to arbitration are (1) the length of the litigation; (2) the party availing itself of the opportunity

13

to litigate; and (3) the prejudice to the opposing party. *Dye*, 2013 Ark. App. 630, at 8, 430 S.W.3d at 202 (citing *Advocat, Inc. v. Heide*, 2010 Ark. App. 825, 378 S.W.3d 779). A party substantially invokes the litigation machinery when it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner. *Messina, supra.*

Briley maintains that the circuit court's order denying arbitration should be affirmed because Robinson waived its right to arbitration when it waited for over two years to request arbitration and intentionally invoked the court's jurisdiction when it requested to transfer the case to another division before seeking its enforcement. Briley claims that Robinson's "wait and see" approach to determining the validity of the arbitration agreement defeats a quick and efficient resolution of cases and is prejudicial because of the time and expense wasted. *See Messina, supra; Dye, supra.*

To the extent that the circuit court's order denying Robinson's motion to compel is based on Robinson's waiver of its right to enforce arbitration, we hold that the circuit court erred. Robinson initially asserted its right to compel arbitration in its answer to Briley's complaint and asserted the right again in its response to Briley's motion to compel discovery, arguing that the validity and enforceability of the arbitration agreement was on appeal in *Phillips II*. Robinson then moved to transfer Briley's case to the same division of circuit court in which the class-action case was pending because that court would "be in a better position to address the arbitration issue due to its jurisdiction over the class action." The transfer was granted, and the order contemplates that the arbitration issue would be impacted by the class

14

action.  A month after the supreme court issued its December 20, 2019 mandate in *Phillips II*, Robinson filed its motion to compel arbitration.  *See Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) (citing *Stifel, Nicolaus & Co., Inc. v. Freeman*, 924 F.2d 157 (8th Cir. 1991) (prejudice results when parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts)).

Accordingly, we reverse and remand for entry of an order compelling arbitration.

Reversed and remanded.

HARRISON, C.J., and ABRAMSON, J., agree.

*Hardin, Jesson & Terry, PLC*, by: *Jeffrey W. Hatfield*, *Kynda Almefty*, *Carol Ricketts*, and *Kirkman T. Dougherty*, for appellants.

*Reddick Moss, PLLC*, by: *Matthew D. Swindle* and *Heather G. Zachary*, for appellee.