Cite as 2026 Ark. App. 335

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-721

| | |
|---|---|
| | Opinion Delivered May 20, 2026 |
| AIDEN JONES | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CV-24-33] |
| APPELLANT | |
| V. | HONORABLE GARY ARNOLD, SPECIAL JUDGE |
| ASHLEY ZACHERY; BAILEIGH ZACHERY; AND BOUJEE THRIFT, LLC APPELLEES | AFFIRMED AS MODIFIED |

**CINDY GRACE THYER, Judge**

Aiden Jones appeals a Johnson County Circuit Court order dismissing his complaint against Ashley Zachery; Baileigh Zachery; and Boujee Thrift, LLC. On appeal, he first alleges that his constitutional rights were violated when he was not permitted to attend the hearing on the motion to dismiss, either virtually or in person. He also challenges the court's failure to rule on his motion to set aside the dismissal order within thirty days. Finally, he argues that the circuit court erred in dismissing his complaint on grounds that he failed to prosecute his claims, that his claims were frivolous, and that he failed to state a claim upon which relief could be granted. We affirm.

## I. *Procedural History*

At one time, Aiden Jones and Ashley Zachery were in a romantic relationship. Their relationship later deteriorated, and on February 11, 2024, Aiden filed suit against Ashley for malicious prosecution, intentional infliction of emotional distress, and harassment based on Ashley's alleged actions during and after their breakup. Ten days later, Aiden amended his complaint alleging causes of action for abuse of process, intentional infliction of emotional distress, and false light against Ashley; abuse of process, harassment, and false light against Ashley's sister, Baileigh; and libel against Boujee Thrift (a business owned by Ashley's parents) for statements made on its Facebook page.

The defendants answered collectively denying the allegations, and they moved to dismiss under Arkansas Rule of Civil Procedure 12(b)(6), alleging that Aiden's complaints were conclusory and failed to assert specific facts to support his claims. Aiden filed a lengthy written response to the motion to dismiss setting forth the facts he contended supported his causes of action.[1] Defendants filed a general reply.

On April 11, an order was entered setting a status hearing for 10:00 a.m. on June 27, 2024, at the Johnson County Courthouse.

On April 30, Aiden filed a second amended complaint. The second amended complaint removed his general harassment claims but added an outrage claim against

---

[1]He later amended his response and further expounded on his arguments.

Baileigh. The defendants answered, reasserted their defenses, and again asked that the complaint be dismissed.

On May 20, 2024, Aiden filed a motion requesting that he be allowed to appear telephonically or via video conference for the June 27 status hearing. He stated he would otherwise be unable to appear because he resided in Yell County, which is an hour away from Johnson County; his driver's license was suspended, and he could not afford to pay the reinstatement fee; and for transportation, he relies on others who cannot be counted on to transport him to the hearing on that date. Four days later, Aiden requested that all future filings be sent to the Hot Spring County Detention Center where he was then incarcerated and that any hearings be held either telephonically or by Zoom.

On June 10, Aiden requested an order to transport him to the upcoming June hearing so that he could attend in person. He did not renew his request to attend telephonically or by Zoom if the order to transport was not granted. In support of his request to be transported for the hearing, he asserted that it would be "easier" for him to make his case in person because the room available at the detention center was too small to accommodate him and his documents and other necessary items.

On June 21, the circuit court's trial court assistant (TCA), emailed the judge informing him that Aiden was incarcerated in the Hot Spring County Detention Center. The TCA informed the court she had drafted an order of transport for Aiden's attendance at the June status hearing to be signed if the court found it acceptable. The circuit court, however, informed the parties that it would grant Aiden's request for transportation once

3

Aiden provided proof of his ability to pay reasonable mileage and the deputy's pay for one day.

Aiden responded, complaining that the court had requested proof of his ability to pay for a deputy and the transport fees but had not explained how much those fees would be or how to make the transport arrangements. He further objected to having to pay the Johnson County Sheriff because it was the Johnson County Sheriff who placed him in the Hot Spring County Detention Center. Finally, he asserted that he is indigent and should be afforded the right to be physically present at the hearing. He asked that the transport fee be waived and that he be transported to the Johnson County Courthouse for the hearing. He stated that in the event the court denied his request, he was reserving his right to pursue a writ of certiorari and/or prohibition and to have the proceedings stayed. He also filed a separate notice to the court stating that he was incarcerated and that he did not want his case dismissed for his failure to attend. Again, he did not ask in either document that he be allowed to attend by Zoom or telephonically.

At the status hearing on June 27, the court noted that neither Jones, whom he believed to still be incarcerated, nor a representative on his behalf was present. The court then allowed defense counsel to address the motions before the court. After hearing counsel's argument, the court stated that it had read all the pleadings, and it was going to take the matter under advisement. The court then asked counsel to prepare an order enumerating all the claims and dismissing the action in the event the court decided to grant the motion. The court requested that defense counsel submit a fee statement and include a

4

grant of attorney's fees in the proposed order. The court further stated that if counsel wished to supplement his motion to dismiss, he could file it, separate and apart from the proposed precedent, and the court would consider whatever he filed. However, the court stated that if he filed anything, it was going to give Aiden an opportunity to respond before acting on the precedent.

The court later filed an order dismissing Aiden's complaint with prejudice. That order provided, in pertinent part:

> 1. That despite notice, [Aiden] failed to appear either in person via Transport Order or electronically via Zoom at the above-mentioned hearing on June 27, 2024.
>
> 2. That the lawsuit filed by [Aiden] is frivolous in nature and serves no purpose other than to harass the Defendants.
>
> 3. Further, that each of [Aiden's] Complaints fail to state in ordinary and concise language facts which would show him entitled to relief. Even in a light viewed most favorably to [Aiden], [Aiden's] complaint contains mostly legal conclusions without facts to support his entitlement to relief. Therefore, dismissal is appropriate under Arkansas Rule of Civil Procedure 12(b)(6).
>
> 4. For the above reasons, the Court Orders that [Aiden's] claims and Complaints be dismissed with prejudice as to all Defendants.

On July 10, Aiden filed a posttrial motion to set aside and vacate the order of dismissal under Arkansas Rule of Civil Procedure 60(c)(4) and (e). He claimed that the court's order stating he could be transported was vague in that it required "proof" of his ability to pay the transport fees but did not state the amount of fees required for transport. He further stated that he was misled because he believed the status hearing was for the purpose of defense counsel's request to withdraw. He also stated that the court was aware

that he was incarcerated but had provided no notice to the facility for a Zoom hearing, instead ordering him to pay to be present. He also noted that the court's order was incorrectly titled plaintiff's motion to dismiss.[2] He asked that the order be vacated and that he be allowed the opportunity to be heard and attend by Zoom.

On July 15, Aiden filed a timely notice of appeal and motion to proceed in forma pauperis.

On July 30, Aiden filed a supplemental motion to set aside and vacate the dismissal order. He reiterated that the court's order that he pay to be transported to the hearing was vague and violated his due-process rights; that defense counsel committed a "constructive fraud" by mispresenting his motion to withdraw; and that defense counsel was attempting to withdraw because Aiden had filed a complaint against him for mishandling evidence. He further claimed that the TCA was at fault for failing to set a Zoom hearing in the event he could not be transported.

On August 23, Aiden filed an amended notice of appeal. As part of the notice, he claimed that he was appealing the court's failure to rule on his motions to set aside within thirty days.

---

[2]On or about June 30, the circuit court entered an order entitled "ORDER GRANTING PLAINTIFF'S MOTION FOR DISMISSAL WITH PREJUDICE AND GRANTING ATTORNEY'S FEES." On July 2, the court entered an order indicating that there was a scrivener's error in the title of the document and ordered it removed from the record.

6

On appeal, Aiden alleges that his constitutional rights were violated when he was not permitted to attend the hearing on the motion to dismiss, either virtually or in person; that the court erred in failing to rule on his motion to set aside the dismissal order within thirty days; and that the court erred in dismissing his complaint on grounds that he failed to prosecute his claims, that his claims were frivolous, and that he failed to state a claim upon which relief could be granted.

II. *Analysis*

The court in this case dismissed Aiden's second amended complaint on three independent grounds: failure to prosecute, frivolousness, and failure to state a claim. As to the court's ruling on the failure to prosecute, Aiden argues on appeal that he made a diligent and good-faith effort to appear and that his attempts to appear were thwarted by the court's failure to facilitate his appearance; therefore, the court erred in dismissing the complaint for failure to prosecute. As for the court's dismissal on the basis of frivolousness, he argues that this argument was presented ex parte and without his participation or opportunity to respond, thereby violating his rights to due process. Finally, as to the court's dismissal for failure to state facts upon which relief can be granted, Aiden argues only that the circuit court improperly dismissed the case after a substantive hearing held in his absence and that the resulting due-process violation tainted the substantive dismissal of his claims. He does not argue on appeal, as he did below, that the facts pled in his complaint were sufficient to withstand a Rule 12(b)(6) challenge.

When, as here, the circuit court bases its decision on two or more independent grounds and the appellant challenges fewer than all the grounds, we will affirm without addressing any of the grounds. Aiden has not challenged on appeal the substance of the court's order of dismissal on Rule 12(b)(6) grounds. That is, in his brief to this court, Aiden has failed to describe the facts or identify the elements of his causes of action and has failed to develop arguments in support of those claims. He has also failed to cite any authority defending the substance of his claims. Therefore, because he has failed to challenge on appeal all independent grounds supporting the circuit court's order, we must summarily affirm without addressing the merits of his appeal. *See McClellan v. Ritter Cable Co., LLC*, 2024 Ark. App. 338.

We must, however, modify the court's order of dismissal. When a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal should be without prejudice. *Duggar v. City of Springdale*, 2020 Ark. App. 220, at 18, 599 S.W.3d 672, 686. This allows the plaintiff to then elect whether to plead further or appeal. *Id.*, 599 S.W.3d at 686. While Aiden elected to appeal the dismissal, he was not afforded the opportunity to plead his claims further because the circuit court dismissed his complaint with prejudice. Under similar circumstances, we have modified a circuit court's dismissal with prejudice to one without prejudice. *Id.* at 19, 599 S.W.3d at 686; *see also Malone v. Trans-States Lines, Inc.*, 325 Ark. 383, 926 S.W.2d 659 (1996) (modifying dismissal with prejudice to dismissal without prejudice). Accordingly, we modify the circuit court's order to reflect that the dismissal is without prejudice

Affirmed as modified.

WOOD and BROWN, JJ., agree.

*Aiden Jones*, pro se appellant.

One brief only.